**Marion DEARMON, Plaintiff,**

v.

**TEXAS MIGRANT COUNCIL, INC. Defendants.**

**No. CIV. L–02–144.**

United States District Court, S.D. Texas, Laredo Division.

Feb. 11, 2003.

Murray Edward Malakoff, Laredo, TX, for Marion Dearmon, plaintiff.

Ramon Daniel Bissmeyer, Cox & Smith, San Antonio, TX, for Texas Migrant Council, Inc. defendant.

*MEMORANDUM & ORDER*

KAZEN, Chief Judge.

Pending is Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 6). The motion is addressed to the Plaintiff's Original Complaint (Docket No. 1) but the First Amended Complaint (Docket No. 11) contains the same challenged allegation, so the Court presumes the Defendant's motion is still viable.

Plaintiff alleges that the defendant violated her rights under the Fair Labor Standards Act of 1938(FLSA), 29 U.S.C. § 201 *et. seq.*, following a complaint regarding overtime compensation. Plaintiff alleges that on September 28, 2001, defendant authored a memorandum which stated that individuals who worked hours in excess of a regular workweek without securing approval would be denied overtime and regular pay for the excess hours. (Amended Complaint, ¶ 21). Plaintiff alleges that she told defendant that this policy was impermissible under the FLSA and continued to insist on overtime pay for one of the employees. Plaintiff claims that because of these acts, she was demoted on July 11, 2002, and then suspended on August 28, 2002.

The FLSA provides, in part, that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding ..." 29 U.S.C. § 215(a)(3). Defendant argues that because plaintiff only made an informal complaint with the company, she is not protected by this anti-retaliation provision. The Fifth Circuit has not addressed this issue, but the majority of other courts of appeals addressing it have found that informal complaints are protected by the

anti-retaliation provision in the FLSA. *See Valerio v. Putnam Assoc. Inc.,* 173 F.3d 35, 41–42 (1st Cir.1999) (concluding that the FLSA "will protect an employee who has filed a sufficient complaint with an employer"); *Lambert v. Ackerley,* 180 F.3d 997, 1004 (9th Cir.1999) (holding that the anti-retaliation provision "must protect employees who complain about violations to their employers"); *EEOC v. White and Son Enter.,* 881 F.2d 1006, 1011 (11th Cir. 1989) (explaining that the anti-retaliation provision of the FLSA "was designed to prevent fear or economic retaliation by an employer against an employee who chose to voice … a grievance"); *Love v. Re/Max of America,* 738 F.2d 383, 387 (10th Cir. 1984) (holding that the FLSA applies to employee who sent memorandum to employer requesting a raise with a copy of the Equal Pay Act attached and was fired within two hours); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir. 1975) (holding that "where the immediate cause or motivating factor of a discharge is the employee's assertion of statutory rights, the discharge is discriminatory under [section] 215(a)(3) whether or not grounds for other discharge exist.").

It is axiomatic that a Rule 12(b)(6) motion is decided solely on the pleadings and the Court has not seen any of the potential evidence in this case. Suffice to say that Plaintiff's allegations go well beyond mere "abstract grumblings" about wages. *Valerio,* 173 F.3d at 44. *See also Lambert,* 180 F.3d at 1007 (explaining that "so long as an employee communicates the substance of his allegations to the employer" the "anti-retaliation provision applies.").

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss. The Court is now considering Defendant's Motion for Partial Summary Judgment (Docket No. 17). That motion was filed January 17, 2003 and is ripe for decision. It is currently unopposed.